Tbe opinion of tbe Court was delivered by
O’Neall, J.
In tbis case, as- now presented, -and as it is now admitted to be, an action of deceit, witb every proper allegation made in tbe declaration, (wbicb bas been unfortunately lost) tbe only question is whether a fraud bas been proved. ■
I suppose tbe plaintiff is now to be considered as averring that to aid Meetze, in bis sale to tbe plaintiff" and to induce ■ him to make tbe purchase, tbe defendant, a partner in tbe bouse of E. & J. Caldwell, represented to him,-that tbe business of that bouse here, and in New York, would be as much as be could do, in draying for a year or two, that be should have their draying, and that tbe firm would continue that long, and that be knew that tbis was false: that tbe plaintiff, confiding in such representation, made the' purchase, and that tbe firm was dissolved in a few months, whereby be lost tbe draying, and sustained damage.
Everything is conceded to tbe plaintiff except tbe fact of fraud. There is no proof whatever, that Caldwell knew or contemplated tbe dissolution of tbe firm. Tbe plaintiff bad tbe dfayage of tbe bouse of E. & J. Caldwell, to tbe dissolution of - tbe firm, when tbe defendant ceased -to be a member, and a new firm witb other members entered upon the- business, for be could not and did not control their draying. Tbe plaintiff lost it, and thereby sustained damage, butjhat cannot be charged to tbe defendant.
In tbis case there is no such “ false affirmation” made by *317 tbe defendant with “ intent to defraud the plaintiff)” as was found in Pasley vs. Freeman, 3 T. R. 51. Unless that could be found, there is no ground on which the plaintiff can stand. So far as the proof goes, the defendant made no assertion, which was not true, the plaintiff was to have and did get the business of R. & J. Caldwell. This the defendant gave- as his opinion would be as much as he (the plaintiff) could do for a year or two. There is no objection to the quantity of the business, but it did not last long enough. Unless the defendant had known that the firm was to be dissolved in less time than a year or two, there can be no pretence of his liability, by making a false affirmation. There is not the slightest proof of such knowledge. There was nothing therefore in the case to go to the jury. ’ ' ■
The motion is dismissed.
Wardlaw, Withers, WhitNer and Mottro, JJ., concurred.

Motion dismissed.